IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-28,290-04






EX PARTE JUAN S. RAMON, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005CR2950 IN THE 226
TH JUDICIAL DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to two years' imprisonment. 

 Applicant contends that he is being improperly designated as ineligible for mandatory
supervision because of a 1990 conviction for aggravated assault of a peace officer. At the time of
Applicant's earlier offense, aggravated assault of a peace officer was a third degree felony unless a
deadly weapon was used during the offense. See Tex. Pen. Code §22.02(c)(1987). Although Texas
Government Code §508.149(a) lists "a first degree felony or a second degree felony under Section
22.02, Penal Code" as an offense rendering an inmate ineligible for mandatory supervision, third
degree aggravated assault is not listed in that section. Furthermore, in 1994 the offense of assault
of a peace officer moved from the aggravated assault statute (Tex. Pen. Code §22.02) to the assault
statute (Tex. Pen. Code §22.01). Under either the aggravated assault statute at the time of
Applicant's offense or the current assault statute, the offense would be a third degree felony unless
the person uses or exhibits a deadly weapon during the commission of the assault (or causes serious
bodily injury, under the current statute). Applicant's 1990 conviction for aggravated assault of a
peace officer did not contain a deadly weapon finding. 

 Applicant has alleged facts that, if true might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in that it may order the Texas
Department of Criminal Justice, Institutional Division to file an affidavit stating whether Applicant
is serving a sentence for, or has previously been convicted of, an offense which is listed in Tex.
Gov't Code § 508.149(a). If Applicant is serving a sentence for or has previously been convicted
of such an offense, the trial court shall supplement the record with a copy of the indictment and
judgment in that cause. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Application is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether TDCJ currently considers
Applicant eligible for mandatory supervision. If Applicant is not eligible for mandatory supervision,
the trial court shall make findings as to the basis for Applicant's ineligibility. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 14, 2007

Do not publish